UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

COREY BROOKS,                )
   Plaintiff,                )
                             )
vs.                          )     No. 20-1137
                             )
JUSTIN HAMMERS, et. al.,     )
   Defendants.               )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

    This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    Plaintiff, a *pro se* prisoner, claims 14 Defendants violated his constitutional rights at Illinois River Correctional Center including Warden Justin Hammers, Assistant Warden Cherrle Hinthorne, Teacher Terri Rilea, Lieutenant Rilea, Correctional Officer Rilea, Sergeant Shelia Batton, Lieutenant Batton, Sergeant David Bleeker, Lieutenant Andy Phelps, Lieutenant Douglas Brown, and Correctional Officers Steven Jones, Jones, Chantman, and David Stevenor.

    The focus of Plaintiff's complaint is the make-up of staff members at Illinois River Correctional Center. Throughout his complaint, Plaintiff claims there was

"nepotism" since many staff members were related by blood or marriage. (Comp., p. 6). Plaintiff also says the staff members were predominately white and they had a difficult time communicating with other ethnic groups. Finally, Plaintiff says the practice of nepotism constitutes a conflict of interest and violates Illinois Department of Corrections (IDOC) Administrative Rules 3.02.18 concerning Standards of Conduct.

The rule does not appear to prohibit a Correctional Center from hiring relatives. More important, a violation of an Administrative Code or Rule does not articulate a constitutional violation. *See White v. Henman*, 977 F.2d 292, 295 (7th Cir. 1992) (the violation of an administrative rule is not the same as a violation of the Constitution).

Plaintiff also claims some Defendants made racial slurs when speaking to him. However, "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015).

The Court is unable to discern if Plaintiff intended to articulate other, individual claims. For instance, Plaintiff alleges he asked the facility teacher for toilet paper on May 24, 2019.

> Ms. Rilea stated "That's enough to whip that sexy ass sweetie heart love jews I'll come in restroom and help you." So Plaintiff did what he was told once done plaintiff called Ms. Rilea. (Comp, p. 7).

It is unclear what Plaintiff is alleging? He is claiming the teacher made a sexually offense comment, or is he also alleging he was also sexually assaulted?

Plaintiff says the next day, he had "an aggressive argument" with an unknown correctional officer who accused Plaintiff of disrespectful and racist conduct when

2

Plaintiff yelled at the teacher from the bathroom for more toilet paper . (Com., p. 7). It is unclear why Plaintiff included this information. Is this the same incident Plaintiff referred to above? Either way, Plaintiff has not clearly alleged a constitutional violation.

On May 26, 2019, Plaintiff says he finished a class assignment when a teaching assistant asked Plaintiff what he was doing. Plaintiff said he was waiting and the assistant ordered Plaintiff back to his housing unit. Plaintiff later received a disciplinary ticket for "Violation of the Rules" based on "[n]ot being productive" during the class period. (Comp, p. 28). Defendant Bleeker considered the ticket, found Plaintiff guilty, and suggested a verbal reprimand as punishment. Defendant Warden Hammers approved the discipline.

Again, Plaintiff has not clearly articulated a constitutional violation. it is unclear why Plaintiff included this information in his complaint. *See Hall v. Ryan*, 2006 WL 2927585, at *2 (S.D.Ill. Oct. 12, 2006)(a verbal reprimand does "not implicate a liberty or property interest under the due process clause.").

Plaintiff then states on January 28, 2019, he was assigned to Housing Unit Four in the C-Wing. Defendant Sergeant Shelia Batton was not allowing inmates equal time in the day room. Plaintiff and other inmates complained and asked to speak with a Lieutenant. The Lieutenant who responded was Defendant Brian Batton. The Lieutenant made a racial slur concerning black inmates and told inmates to return to their unit. Again, Plaintiff claims there was a conflict of interest since the two guards were related.

Plaintiff then alleges another incident occurred one week later involved the two Defendant Battons writing a false disciplinary ticket and making a racial comment. However, this incident did not involve the Plaintiff. (Comp, p. 10).

On May 25, 2019, Plaintiff was again dissatisfied with the amount of time his housing unit was allowed in the dayroom and he "got into an aggressive argument." (Comp., p. 11).  Plaintiff was sent to the counselor's room to wait for a crisis team when he overheard Defendant Sergeant Batton speaking with Defendant Chantman.

> Sgt. Batton stated "I can't stand Plaintiff always causing conflict between me and my husband Lieutenant Batton. Plaintiff has a pending lawsuit against us if I had a chance I'll clap that rapist." (Comp, p. 11).

Plaintiff says he confronted the officer about the statement and told her to stop spreading rumors about him.  The Defendant became angry and tried to pepper spray Plaintiff, but she was stopped by Defendant Chantman.

Defendant Chantman and Lieutenant Skaggs spoke with Plaintiff about what had happened. Plaintiff was sent to another housing unit to "come down from the altercation," but he was not sent to segregation. (Comp, p. 12).

The next day, Defendant Sergeant Batton came through the housing unit yelling at inmates to have their beds made pursuant to an institutional rule.   Again, it is unclear why Plaintiff included this information and he has not clearly alleged a constitutional violation.

Plaintiff's complaint continues for several more pages listing a variety of individual events.  Again, Plaintiff's main complaint appears to be the number of guards who are related, but Plaintiff has not clearly articulated a constitutional violation

4

which he can pursue in this Court. Plaintiff is also reminded he cannot combine unrelated claims against different Defendants in one lawsuit. *See George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). Furthermore, if Plaintiff is attempting to state a retaliation claim, he must identify the protected activity which sparked the retaliatory behavior. *See i.e. Davis v. Casperson*, 2007 WL 5650140, at *2 (W.D.Wis. Dec. 31, 2007).

Since the Court is unable to interpret Plaintiff's claims, his complaint is dismissed for failure to state a claim upon which relief can be granted and is a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* Fed.R. Civ.P. 8; *see also Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994)("A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."); *Johnson v. Village of Brooklyn, IL*, 2015 WL 4148374, at *3 (S.D.Ill. July 9, 2015) ("Because Plaintiff's complaint is too muddled for either the Court or Defendants to manage, it shall be dismissed without prejudice.").

Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). Federal Rule of Civil Procedure 10 also requires the pleader to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."Fed.R.Civ.P. 10 (b) "The primary purpose of these rules is to give defendants fair notice of the claims against

5

them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

The Court will allow Plaintiff an opportunity to file an amended complaint if he believes he can clarify a constitutional violation. Plaintiff should not list violations of administrative rules or code. Plaintiff should not repeat his claims based on nepotism, guards related by blood or marriage, or the racial make-up of staff since these allegations due not state a constitutional violation. Plaintiff also should not include exhibits, but instead he must state his claims clearly in the body of his complaint.

Plaintiff's complaint must include numbered paragraphs, and each paragraph must clearly state a claim including who was involved, what happened, when it occurred, and where it occurred. Finally, any amended complaint must stand complete on its own and must not refer to any previous filing.

Plaintiff is also reminded he is required to fully exhaust any available administrative remedies for all claims. *See* 42 U.S.C. §1997e(a).

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted and pursuant to Federal Rule of Civil Procedure 8.

2) Plaintiff may file an amended complaint if he believes he can articulate a constitutional violation within 21 days of this order or on or before July 17, 2020.

3) If Plaintiff fails to file his amended complaint on or before July 17, 2020 or fails to follow the Court's directions, his case will be dismissed.

4) Plaintiff is reminded he must immediately notify the Court in writing of any change in his mailing address or phone number. Failure to provide this information could lead to the dismissal of his lawsuit with prejudice.

5) The Clerk of the Court is to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline within 30 days of this order.

Entered this 25th day of June, 2020.


s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE